GUASE v. STERLING PIANO CO.

(Supreme Court, Appellate Division, Second Department. June 3, 1904.)

1. DEFAULT—RELIEF—AFFIDAVITS—SUFFICIENCY.

Affidavits to procure the setting aside of a default judgment against a corporation on the ground that the summons was served on a clerk in the office of the company, and not on the president, as it purported to be, which show that it was served on the clerk, but do not show that it was not served on the president, are insufficient.

2. SAME—MUNICIPAL COURT ACT—APPEAL AND ERROR.

Affidavits attached to appellant's brief on appeal from a default judgment in the Municipal Court against a corporation for the purpose of showing that the summons was not served on the president of the corporation, as it purported to be, but on a clerk of the corporation, cannot be considered by the Supreme Court in the first instance, under the New York Municipal Court Act (Laws 1902, pp. 1562, 1563, c. 580, §§ 253–257), giving the Supreme Court jurisdiction to review an order denying an application to that court to set aside a judgment by default.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Thomas Guase against the Sterling Piano Company. From a judgment by default, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

L. Victor Fleckles, for appellant.
Francis F. Giles, for respondent.

WILLARD BARTLETT, J.   This is an appeal from a judgment taken by default, the defendant not having appeared in the action. The defendant is a corporation, and in the return is an affidavit of the service of the summons upon Mr. Denslow, the president.   The sole point upon which the appellant relies in asking us to reverse the judgment is that Mr. Denslow was never served with the summons, and that the only service thereof was in fact made upon one George B. Chase, a bookkeeper in the employ of the Sterling Piano Company.   If this be the truth, however, the return from the Municipal Court fails to show it.   The return does contain papers from which it appears that after the judgment had been obtained the defendant moved to open its default upon affidavits from Mr. Denslow and Mr. Chase, but it is to be observed that, while these affidavits aver that the summons in this action was served upon Mr. Chase, they nowhere allege that it was not served upon Mr. Denslow, the president of the corporation; and it would have been necessary to convince the Municipal Court of the truth of the latter proposition in order to require it to open the default and set aside the judgment.

Attached to the appellant's brief are several affidavits, verified a day or two before the argument of the appeal, which contain statements tending strongly to show that process in this suit was never served upon the defendant corporation in the manner required by law, but the appellate court cannot take cognizance of the contents of these affidavits in the first instance.   They should have been presented to the Municipal Court upon a motion to open the default and vacate the judgment upon the ground that the defendant had never been properly served; and, if that application had failed, this court would have had jurisdiction to review the order denying it upon appeal.   New York Municipal Court Act (Laws 1902, pp. 1562, 1563, c. 580, §§ 253–257).   As this record stands, however, it contains nothing which would justify us in interfering with the judgment.

Judgment of the Municipal Court affirmed, with costs.   All concur.